**Josephine R. BINNS, Individually, and Josephine R. Binns, Executrix of the Estate of Douglas W. Binns, and Josephine R. Binns, Trustee, etc., Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 17308.**

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1967.

---

Fyke Farmer, Nashville, Tenn., for appellants.

Stuart A. Smith, Dept. of Justice, Washington, D. C., for appellee, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Dept. of Justice, Washington, D. C., on brief, Gilbert Merritt, Jr., U. S. Atty., Kent Sandidge, III, Asst. U. S. Atty., Nashville, Tenn., of counsel.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

### ORDER

This is an appeal from the judgment entered in favor of the United States, Defendant-Appellee, in a suit brought in the United States District Court for the Middle District of Tennessee by Taxpayer-Appellant to recover income taxes claimed to have been illegally assessed and collected.

The controversy arose out of a sales agreement entered into by Taxpayer, who agreed to sell 26,000 shares of stock of the Phillips and Buttorff Company at $43. per share, of which $75,000. was paid as down payment, and the balance was to be payable a week later. The stock was delivered to the Commerce Union Bank and placed in escrow. Before the end of the week the purchasers of the stock learned they were unable to complete the transaction and agreed to forfeit their down payment of $75,000., as consideration for their being released from further liability under the contract. The Taxpayer agreed to release the purchasers from further liability under the contract and accepted the down payment.

The sole question in the case is whether or not the gain is to be treated as a sale or exchange of a capital asset under Sections 61(a) (3) and 1002 of the Internal Revenue Code of 1954. The Taxpayer contends that the sale was completed when the stock was placed in escrow. The Commissioner determined that the $75,000. which was forfeited, was ordinary income since the sale had not been completed. We agree.

It is therefore ordered that the judgment of the District Court be and it is hereby affirmed.